**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**July 28, 2026**
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Kevin Wayne Saunders,**
**Petitioner Below, Petitioner**

**v.)  No. 24-150** (Raleigh County CC-41-2022-C-44)

**Tim King, Superintendent,**
**Southwestern Regional Jail and Correctional Facility,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

The petitioner, Kevin Wayne Saunders, appeals the February 16, 2024, order of the Circuit Court of Raleigh County denying his amended petition for a writ of habeas corpus.[1] The petitioner argues that the circuit court erred in finding that a plea offer was meaningfully communicated to him. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

On November 6, 2019, the petitioner entered a plea of guilty to four counts of first-degree robbery, one count of second-degree robbery, and one count of battery, upon which he was sentenced to a cumulative twenty-one years to eighty-three years in prison. The petitioner appealed the lower court's denial of a motion to reduce his sentence, arguing that it was a violation of the proportionality clause of the West Virginia Constitution. The order was affirmed by this Court on February 1, 2022. *See State v. Saunders*, No. 20-0976, 2022 WL 293725 (W. Va. Feb. 1, 2022) (memorandum decision).

The petitioner filed a petition for a writ of habeas corpus in February 2022, and thereafter, the circuit court appointed habeas counsel. The petitioner filed an amended habeas petition in June 2022 seeking relief on the following grounds:  (1) that the guilty plea upon which he was convicted and sentenced was involuntary; (2) that a plea bargain offered by the State was unfulfilled; and (3) that the assistance of his previous counsel was ineffective because counsel mismanaged a plea offer that, if accepted, would have produced a more favorable result than that achieved by a subsequent plea of guilty. The petitioner asserted that his first counsel was ineffective in his failure to communicate an earlier, more favorable, plea offer.

---

[1] The petitioner appears by counsel Jason T. Gain, and the respondent appears by Attorney General John B. McCuskey and Senior Assistant Attorney General Michele Duncan Bishop. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

At an omnibus hearing held on October 30, 2023, the petitioner testified on his own behalf and offered testimony of two attorneys who represented him after his first counsel resigned. The petitioner asserted that on March 18, 2019, the State of West Virginia extended to Mr. Tom Moore (petitioner's then-trial counsel) a plea offer that would have permitted him to plead guilty to a series of crimes that would have resulted in a sentence between six and twenty years in prison. The offer was to expire on April 1, 2019; however, Mr. Moore resigned from his position at the Raleigh County Public Defender's Office on March 29, 2019. The petitioner alleged that the first time he heard of this plea offer was on or about April 4, 2019, when replacement counsel Mr. Gary Frasher visited him at the jail. The petitioner further alleged that he told Mr. Frasher that he wanted to accept the offer but no action was taken for nearly six months. The petitioner alleged that he then hired new counsel, Mr. Robert Dunlap, who was told that the previous plea offer had expired. The petitioner further asserted that because the plea offer had expired, he proceeded under the new and harsher plea bargain offered by the State.

At the hearing, Mr. Frasher testified that he had no actual recollection of the State's March 18, 2019, plea offer, but his testimony supported the general conclusion that Mr. Moore had advised the petitioner of the plea offer. Stacey Fragile, the chief public defender for Raleigh County, testified for the State and produced a letter from the Public Defender's Office records, dated March 19, 2019, that memorialized Mr. Moore's communication of the plea offer to the petitioner. The letter indicated that Mr. Moore informed the petitioner of the plea offer and that the petitioner responded that he wanted to "think about it." The circuit court found that the letter was a reliable account of the petitioner's response to the State's plea offer and that, according to the letter, the petitioner did not instruct Mr. Moore to accept the plea offer. Additionally, the circuit court found that the petitioner offered no evidence that he later communicated to either Mr. Moore or Mr. Frasher that he, having thought it over, desired to accept the offer.

Considering the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, as required by *Strickland v. Washington*, 466 U.S. 668 (1984), and *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), the circuit court concluded that the evidence presented did not support the petitioner's claim that he instructed counsel to accept the March 18, 2019, plea offer within the time period permitted for the offer. The circuit court analyzed the issue under *Missouri v. Frye*, 566 U.S. 134 (2012).[2] A *Frye* claim requires that the prejudice prong of *Strickland* be proven by "a reasonable probability" (1) that the defendant would have accepted the earlier plea offer, and (2) that neither the state nor the trial court would have prevented the resulting plea agreement from being implemented. *Id*. at 147-48.

The circuit court determined that the evidence presented supports the conclusion that petitioner's counsel presented the plea offer to him on March 19, 2019, immediately following its receipt by counsel, that the petitioner knew the offer had a deadline of April 1, 2019, and that the petitioner did not instruct counsel to accept the offer within that deadline. Thus, the circuit court denied the petition for a writ of post-conviction habeas corpus. We review the circuit court's order

---

[2] "[A]s a general rule, defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye* at 143.

"and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

The circuit court thoroughly considered and addressed each of the petitioner's claims. Upon our review, we conclude that the petitioner has not satisfied his burden of demonstrating error in the court's rulings, and we find none. *See* Syl. Pt. 2, *Dement v. Pszczolkowski*, 245 W. Va. 564, 859 S.E.2d 732 (2021) ("On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973))). Accordingly, we find that the circuit court did not abuse its discretion in denying habeas relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** July 28, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan